UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, a North Carolina corporation,<br><br>Plaintiff,<br><br>v.<br><br>OHANA ENTERPRISES dba HAWAIIAN VAPOR; TWIN OHANA ENTERPRISES, LLC, a Washington limited liability company, LOREN ETENGOFF, as guardian of T.W., a minor,<br><br>Defendants. | CASE NO. 3:17-cv-05052 RJB<br><br>ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on the Plaintiff's Motion for Summary Judgment. Dkt. 28. The Court has reviewed the pleadings filed regarding the motion and the remaining file, and is fully advised.

On January 25, 2017, Plaintiff Atlantic Casualty Insurance Company ("Atlantic") filed this case seeking declaratory relief regarding whether it owes a defense or indemnity under a general liability policy it alleges it issued to Ohana Enterprises, dba Hawaiian Vapor ("Ohana"),

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

with respect to damages claims Defendant Loren Etengoff made against Twin Ohana Enterprises, LLC dba Hawaiian Vapor ("Twin Ohana") in a lawsuit filed in Clark County, Washington Superior Court ("underlying lawsuit"). Dkt. 1. In the underlying lawsuit, Etengoff, as guardian of T.W., alleges that T.W. was injured when a battery or batteries purchased from Twin Ohana "exploded, ignited, or combusted while in his pocket, resulting in third-degree burns to his lower body." Dkt. 22. Atlantic now moves for a judgment summarily granting it relief. For the reasons provided below, the motion should be granted.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

### A. BACKGROUND FACTS

Atlantic issued an insurance policy to "Ohana Enterprises dba Hawaiian Vapor," for the policy term of April 28, 2016 to April 28, 2017. Dkt. 29, at 24. (Atlantic asserts that there is a question as to whether Twin Ohana, the entity named in the underlying suit, is insured under the policy, but is not raising this issue for the purposes of this motion alone). The policy covers "sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies." *Id.*, at 26. It excludes coverage of expenses for "bodily injury" . . . "[i]ncluded within the 'products completed operations hazard.'" *Id.*, at 27-28. The policy defines "products completed operations hazard" as:

    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
       (1) Products that are still in your physical possession; or
       (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
          (a) When all of the work called for in your contract has been completed.
          (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
          (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

> Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.
>
> b. Does not include "bodily injury" or "property damage" arising out of:
> (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle . . .
> (2) The existence of tools, uninstalled equipment or abandoned or unused materials; or
> (3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

Dkt. 29, at 31. "Your product" includes "any goods or products . . . sold, handled, distributed, or disposed of by . . . you . . . others trading under your name." *Id,* at 32.

The underlying lawsuit was filed on December 21, 2016. *Etengoff v. Twin Ohana Enterprises, LLC, dba Hawaiian Vapor*, Clark County Washington Superior Court case number 16-2-02587-4. The underlying complaint alleges that T.W. was injured in his home on October 6, 2016, when a battery or batteries purchased from Twin Ohana "exploded, ignited, or combusted while in his pocket, resulting in third-degree burns to his lower body." Dkt. 1-1, at 2. Twin Ohana tendered the claim to Atlantic, who is providing a defense to the underlying lawsuit under a reservation of rights. Dkt. 29, at 6-14.

**B. PROCEDURAL HISTORY**

On January 25, 2017, Atlantic filed this case seeking declaratory relief regarding whether it owes a defense or indemnity under the policy. Dkt. 1. On April 19, 2017, Atlantic filed two "Waiver of the Service of Summons" forms, both signed by "Twin Ohana Enterprises LLC DBA Hawaiian Vapor, Kimberly Newton," both dated April 11, 2017. Dkts. 16 and 17. These waivers, provided, in pertinent part:

> I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from the date when this request was sent. If I fail to do so, a default judgment will be entered against me or the entity I represent.

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

Dkts. 16 and 17.

No answer or Rule 12 motion was filed, and no attorney appeared for either Defendants Ohana or Twin Ohana. On June 15, 2017, Defendants Ohana and Twin Ohana were ordered to either file a notice of appearance by counsel or show cause, if any they had, why they were not in default for failure to comply with Local Rule W.D. Wash. 83.2. Dkt. 20. (Under Local Rule W.D. Wash. 83.2 (b)(3), "[a] business entity, except a sole proprietorship, must be represented by counsel.") Neither Ohana nor Twin Ohana appeared by counsel or responded to the order to show cause. After a motion by Atlantic, on July 25, 2017, the Clerk of the Court entered default against Defendants Ohana and Twin Ohana. Dkt. 24.

Atlantic now files a motion for summary judgment, asserting because of the policy's "products-completed operation hazard" exclusion, T.W.'s claim is excluded from coverage and Atlantic has no duty to defend or indemnify Ohana or Twin Ohana. Dkt. 28. In its motion, it seeks an order from the Court that the batteries, that were the cause of T.W.'s injuries, met the policy's definition of "your product;" the policy excludes coverage for T.W.'s claims under the "products completed operations hazard;" and that in the absence of coverage, Atlantic may withdraw from further defending Twin Ohana in the underlying lawsuit. *Id.*

No response to the motion for summary judgment was filed.

## II. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (d). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

**B. WASHINGTON STATE LAW APPLIES**

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction, as is the case here, apply state substantive law and federal procedural law.

1 *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). In applying Washington law, the Court must apply the law as it believes the Washington Supreme Court would apply it. *Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003). "'[W]here there is no convincing evidence that the state supreme court would decide differently, a federal court is obligated to follow the decisions of the state's intermediate appellate courts.'" *Vestar Dev. II, LLC v. Gen. Dynamics Corp.,* 249 F.3d 958, 960 (9th Cir.2001) (*quoting Lewis v. Tel. Employees Credit Union,* 87 F.3d 1537, 1545 (9th Cir.1996)).

**C. INDEMNITY**

In Washington, an insurance policy is construed as a contract and given "'fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.'" *Xia v. ProBuilders Specialty Ins. Co*., 188 Wn.2d 171 (2017), *as modified* (Aug. 16, 2017)(*quoting Key Tronic Corp., Inc. v. Aetna (CIGNA) Fire Underwriters Ins. Co*., 124 Wash.2d 618, 627 (1994)). "If terms are defined in a policy, then the terms should be interpreted in accordance with that policy definition." *Kitsap Cty. v. Allstate Ins. Co*., 136 Wn.2d 567, 576 (1998). "Undefined terms are to be given their plain, ordinary, and popular meaning." *Xia*, at 6. If language in an insurance contract is susceptible to two different but reasonable interpretations, it is considered "ambiguous." *Kut Suen Lui v. Essex Ins. Co.*, 185 Wn.2d 703, 712 (2016). However, where the policy language is clear and unambiguous, [a Washington] court will not modify the contract or create ambiguity where none exists." *Xia,* at 6.

Atlantic's motion regarding its duty to indemnify (Dkt. 28) should be granted and it should be awarded declaratory relief on this issue. A reasonable interpretation of the insurance contract is that the batteries at issue here meet the definition of "your product" under the policy.

The definition of "your product" includes "any goods or products . . . sold, handled, distributed, or disposed of by . . . you . . . others trading under your name." Dkt. 29, at 32. The batteries were "products" sold by either Ohana or Twin Ohana.

Further, T.W.'s claims are not covered under the policy; they are excluded under the "products completed operations hazard" exclusion. The policy's definition of "products completed operations hazard" includes "bodily injury' . . . occurring away from premises you own or rent and arising out of 'your product.'" It is undisputed that T.W.'s injuries took place in his home. The batteries constitute "your product[s]" under the policy. There is no showing that any of the exceptions to the "products completed operations hazard" exclusion apply.

Accordingly, the policy provides no coverage to Defendants Ohana or Twin Ohana for the claims made on T.W.'s behalf in the underlying lawsuit. Atlantic owes no duty to indemnify Defendants Ohana or Twin Ohana in connection with the claims made in the underlying lawsuit.

### D. DUTY TO DEFEND IN THE UNDERLYING LAWSUIT

Atlantic seeks additional declaratory relief that: (1) it has no duty to defend Ohana or Twin Ohana in the underlying lawsuit and (2) it may withdraw from the defense it is currently providing in the underlying lawsuit.

In Washington, "the duty to defend is different from and broader than the duty to indemnify." *Am. Best Food, Inc. v. Alea London, Ltd.*, 168 Wash.2d 398, 404 (2010)(*internal citation omitted*). The duty to indemnify exists only if the insurance policy actually covers the insured's liability, whereas the duty to defend arises when the policy could conceivably cover allegations in a complaint. *Xia*, at 6 (*internal citations omitted*). "[A]n insurer must defend a complaint against its insured until it is clear that the claim is not covered." *Id.* (*citing Am. Best Food*, at 405).

Atlantic's motion regarding its duty to defend (Dkt. 28) should be granted, in part.  It is now clear that T.W.'s claim is not covered, and so Atlantic no longer has a duty to defend Ohana or Twin Ohana in the underlying lawsuit.  *Xia*, at 6.  To the extent that Atlantic seeks an order from this Court that it "may withdraw from the defense it is currently providing to Defendant Twin Ohana," the motion should be denied. Whether Atlantic and its lawyers may withdraw from the underlying lawsuit is the province of the state court.

**E.  CONCLUSION**

Atlantic owes no duty to defend or indemnify Defendants Ohana or Twin Ohana with respect to claims made against them in *Etengoff v. Twin Ohana Enterprises, LLC, dba Hawaiian Vapor*, Clark County Washington Superior Court case number 16-2-02587-4.  To the extent Atlantic seeks a declaration from this Court permitting it to withdraw from defending Defendants Ohana or Twin Ohana, the motion should be denied, to be decided by the state court.  There being no issues remaining, this case should be closed.

**III.  ORDER**

Therefore, it is **ORDERED** that:

- Plaintiff's Motion for Summary Judgment (Dkt. 28) **IS**
    - **GRANTED, AS FOLLOWS:**
        - Atlantic owes no duty to indemnify Ohana Enterprises, dba Hawaiian Vapor or Twin Ohana Enterprises, LLC, dba Hawaiian Vapor with respect to damages claims Loren Etengoff made against Twin Ohana Enterprises, LLC, dba Hawaiian Vapor in *Etengoff v. Twin Ohana Enterprises, LLC, dba Hawaiian Vapor*,

Clark County Washington Superior Court case number 16-2-02587-4;

- Atlantic has no duty to defend Ohana Enterprises, dba Hawaiian Vapor or Twin Ohana Enterprises, LLC, dba Hawaiian Vapor in *Etengoff v. Twin Ohana Enterprises, LLC, dba Hawaiian Vapor*, Clark County Washington Superior Court case number 16-2-02587-4;

  - **IS DENIED**, as follows:

    - To the extent Atlantic seeks a declaration from this Court permitting it to withdraw from defending Ohana Enterprises, dba Hawaiian Vapor or Twin Ohana Enterprises, LLC, dba Hawaiian Vapor in *Etengoff v. Twin Ohana Enterprises, LLC, dba Hawaiian Vapor*, Clark County Washington Superior Court case number 16-2-02587-4; and

- This case **IS CLOSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of November, 2017.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9